UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAD WAYNE HURN, <br><br> Petitioner, <br><br> v. <br><br> RON HAYNES, <br><br> Respondent. | Case No. C19-1942-RAJ-MAT <br><br> ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

This is a federal habeas action filed under 28 U.S.C. § 2254. This matter comes before the Court at the present time on petitioner's motion for appointment of counsel. Respondent has filed a response opposing petitioner's motion. The Court, having reviewed petitioner's motion, respondent's response, and the balance of the record, hereby finds and ORDERS as follows:

(1) Petitioner's motion for appointment of counsel (Dkt. 7) is DENIED. There is no right to have counsel appointed in cases brought under § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and, Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

ORDER DENYING PETITIONER'S
MOTION FOR APPOINTMENT OF
COUNSEL - 1

Petitioner asserts in his motion that appointment of counsel is necessary in this matter because there is video evidence relevant to some of his federal habeas claims which he is unable to obtain or view because of Washington Department of Corrections policies. (Dkt. 7 at 2.) According to petitioner, the video evidence was a part of an Office of Professional Accountability ("OPA") investigation which was released to him pursuant to a settlement agreement in a Public Records Act lawsuit. (*Id.*) Petitioner claims that this video evidence, in combination with the OPA investigative report, would provide conclusive evidence substantiating his first four grounds for federal habeas relief. (*Id.*) Petitioner further asserts that counsel is necessary to investigate additional claims involving a jailhouse informant, claims which apparently have yet to be presented to any court for consideration. (*See id.* at 2-3.)

Respondent argues in his response to petitioner's motion that because he has yet to file an answer to the petition and provide all necessary records as required by Rule 5 of the Rules Governing Section 2254 Cases, it is unclear whether the evidence petitioner seeks will be necessary to address his claims. (*See* Dkt. 10.) Respondent maintains that petitioner's motion is at best premature, and respondent urges the Court to deny the motion without prejudice to petitioner renewing his request for counsel once the record is more complete. (*See id.*)

The Court concurs that until respondent has filed his answer to petitioner's petition and has submitted all relevant portions of the state court record, the Court will be unable to discern whether appointment of counsel is warranted for purposes of obtaining and presenting the video evidence cited by petitioner. To the extent petitioner seeks appointment of counsel to assist him in investigating and developing additional claims, he has not demonstrated that the interests of justice require such an appointment.

(2) The Clerk shall direct copies of this Order to petitioner, to counsel for respondent,

and to the Honorable Richard A. Jones.

DATED this 20th day of February, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION FOR APPOINTMENT OF
COUNSEL - 3