HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAD WAYNE HURN,<br><br>                Petitioner,<br>  v.<br><br>RONALD HAYNES,<br><br>                Respondent. | Case No. C19-1942-RAJ-MAT<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT FRCP 60(b) |

This matter comes before the Court on Petitioner's Motion to Vacate Judgment FRCP 60(b). Dkt. 36. For the reasons below, the motion is DENIED.

On January 25, 2021, the Honorable Mary Alice Theiler issued a 45-page Report and Recommendation recommending the denial of Petitioner Chad Wayne Hurn's ("Petitioner") petition for writ of habeas corpus and motion to expand the record, and the dismissal of the action with prejudice. Dkt. 27. Petitioner moved the Court for an extension of time to file objections. Dkt. 28. The Court granted the request. Dkt. 29. Petitioner timely filed his objections to the Report and Recommendation. Dkt. 32.

ORDER – 1

In his objections, Petitioner stated the following:

> Because Mr. Hurn is confident that this Court takes seriously its responsibility to review the record de novo, it is simply unnecessary to restate most of the facts and argument supporting the petition. Thus, Mr. Hurn respectfully refers this Court to pleadings already on file as the basis for his objection to Magistrate Theiler's R&R.

Dkt. 32 at 2. In describing his objections, Petitioner summarized them accordingly:

> Petitioner Objects to the Magistrate's R&R denying petitioner's habeas petitioner on ground 1 (claim A). Dkt. 27, at 23-27. Petitioner Objects to the denial of any Certificate of Appealability on this issue.

*Id.* at 3.

After reviewing the Report and Recommendation, Petitioner's objections, all briefing of the parties, the remaining record, and relevant law, the Court approved and adopted the Report and Recommendation in its entirety. Dkt. 33. On April 26, 2021, judgement was entered, denying Petitioner's petition for writ of habeas corpus, dismissing the case with prejudice, and denying Petitioner a certificate of appealability. Dkt. 34.

Subsequently, Petitioner filed the pending motion to vacate judgment pursuant Federal Rule of Civil Procedure 60(b)(4). Dkt. 36 at 1. Petitioner argues that the judgment should be vacated as void for (1) alleged "judicial nonfeasance for not conducting an independent review of" Petitioner's Miranda claim in state court (Claim A); and (2) the Court's alleged failure to conduct a review of Petitioner's objection to the Report and Recommendation. *Id.* at 2. Alternatively, Petitioner seeks a certificate of appealability to proceed further "based on Mr. Hurn making a substantial showing of the denial of his constitutional right of adequate review." *Id.* at 5.

Under FRCP 60(b), the court may relieve a party from a final judgment for several reasons, including—as alleged by Petitioner here—the judgment is void. Fed. R. Civ. P. 60(b)(4). "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the

ORDER – 2

parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). A judgment is not void, however, "simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

Petitioner first asserts that the judgment is void because it was incorrectly decided; specifically, the "Court's Miranda determination was unreasonable" because it did not apply the correct two-pronged standard. Dkt. 36 at 4. However, as noted above, this claim that the decision is void because it is erroneous is specifically excluded from consideration under Rule 60(b)(4). *See Espinosa*, 559 U.S. at 270.

Petitioner next contends that the Court's alleged failure "to review dispositive matters de novo following objection, to review the record independently, or to conduct or to order evidentiary proceedings violate not only the Magistrates Act and Habeas Rule 8(b), but also Article III and the Due Process Clause" of the constitution. Dkt. 36 at 4. Petitioner provides no support for his allegation that the Court failed to review the record beyond his own disagreement with the Court's decision to adopt the Report and Recommendation. As noted in its order, the Court had reviewed all briefing, the remaining record, the Report and Recommendation, Petitioner's objections, and the relevant law before reaching its decision. The Court finds no viable assertions of due process violations to support vacating judgment as void. Petitioner's disagreement with the outcome is no basis for vacating the judgment as void under Rule 60(b)(4).

The Court also finds that Petitioner has not, in fact, made any showing, much less "a substantial showing of the denial of his constitutional right of adequate review." *Id.* at 5. The Court therefore denies the motion to vacate judgment as void pursuant to Rule 60(b)(4), as well as the request for a certificate of appealability.

//

//

//

ORDER – 3

For the foregoing reasons, Petitioner's motion to vacate judgment and, in the alternative, request for a certificate of appealability are **DENIED**.  Dkt. 36.

DATED this 14th day of January, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4